# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GUILLERMO ESCOBAR,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-9170** |
| **BP EXPLORATION &**<br>**PRODUCTION, INC., ET AL.,**<br>    **Defendants** | **SECTION "E" (2)** |

## ORDER AND REASONS

Before the Court is a Motion for Summary Judgment filed by Defendants BP Exploration & Production Inc. and BP America Production Company.[1] Plaintiff Guillermo Escobar filed no opposition.[2] For the reasons that follow, the Motion for Summary Judgment is **GRANTED**.

## BACKGROUND

This case arises from Plaintiff's alleged exposure to harmful substances and chemicals after the Deepwater Horizon oil spill.[3] Plaintiff alleges that during the Deepwater Horizon incident, he was employed by Industrial Labor and Equipment Services to perform response activities.[4] During this work he allegedly was exposed to "oil, [d]ispersants, and other harmful chemicals."[5] According to Plaintiff, he was diagnosed on February 28, 2013 with chronic conjunctivitis, and "other chronic conditions related to

---

[1] R. Doc. 23.
[2] When Plaintiff filed this lawsuit, he was represented by the Downs Law Group. However, on July 9, 2019, the Downs Law Group moved to withdraw as Plaintiff's counsel. R. Doc. 20. On July 22, 2019, the Court granted this motion. R. Doc. 22. Plaintiff is now pro se.
[3] R. Doc. 1 at ¶¶ 18-20.
[4] *Id*. at ¶ 18.
[5] *Id*. at ¶ 20.

1

his exposure such as Chronic nasopharyngitis."[6]

On October 3, 2018, Plaintiff filed this Back-End Litigation Option ("BELO") action against Defendants, pursuant to the terms of the Medical Benefits Class Action Settlement Agreement (the "MSA") in *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010* (commonly referred to as "MDL 2179").[7,8] Plaintiff alleges his diagnosed medical conditions complained of herein were legally and proximately caused by his exposure to the substances and chemicals during his response activity efforts.[9]

On November 14, 2019, Defendants filed the instant Motion for Summary Judgment.[10] Plaintiff failed to file any opposition by the deadline imposed by the Local Rules for the Eastern District of Louisiana.[11]

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[12] "An issue is material if its resolution could affect the outcome of the action."[13] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[14] All reasonable inferences are drawn in favor of the non-moving party.[15]

---

[6] *Id.* at ¶ 21.
[7] R. Doc. 1.
[8] *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, No. 10-md-2179, R. Doc. 6427-1 (E.D. La. May 3, 2012).
[9] R. Doc. 1 at ¶ 25.
[10] R. Doc. 23.
[11] L.R. 7.5.
[12] FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[13] *DIRECTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[14] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[15] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law.[16]

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."[17] To satisfy Rule 56's burden of production, the moving party must do one of two things: "the moving party may submit affirmative evidence that negates an essential element of the nonmoving party's claim" or "the moving party may demonstrate to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim."[18] If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the non-moving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[19]

If the dispositive issue is one on which the non-moving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the non-movant's claim, or (2) affirmatively demonstrating that there is no evidence in the record to establish an essential element of the non-movant's claim.[20] If the movant fails to

---

[16] *Hibernia Nat. Bank v. Carner*, 997 F.2d 94, 98 (5th Cir. 1993) (citing *Amoco Prod. Co. v. Horwell Energy, Inc.*, 969 F.2d 146, 147–48 (5th Cir. 1992)).
[17] *Celotex*, 477 U.S. at 323.
[18] *Id.* at 331.
[19] *Id.* at 322–24.
[20] *Id.* at 331–32 (Brennan, J., dissenting).

affirmatively show the absence of evidence in the record, its motion for summary judgment must be denied.[21] Thus, the non-moving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[22] "[U]nsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[23]

## **LAW AND ANALYSIS**

In this case, Defendants argue they are entitled to summary judgment because "[t]he MSA requires BELO plaintiffs such as Escobar to prove legal causation . . . [y]et Escobar has failed to identify a single expert witness who can offer evidence on this subject, making his claims subject to dismissal."[24] Pursuant to the Scheduling Order in this matter, Plaintiff's deadline to disclose and deliver expert reports to defense counsel was November 8, 2019.[25] Defendants represent "Escobar failed to designate any expert witnesses and failed to provide any Rule 26 expert reports by the court-mandated disclosure deadline (November 8, 2019)."[26]

---

[21] *See id.* at 332.
[22] *Id.* at 332–33. The burden would then shift back to the movant to demonstrate the inadequacy of the evidence relied upon by the non-movant. Once attacked, "the burden of production shifts to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)." *Id.* at 332–33, 333 n.3.
[23] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).
[24] R. Doc. 23-1 at 2.
[25] R. Doc. 9 at 8.
[26] R. Doc. 23-1 at 2 n.5.

To satisfy the elements of a valid BELO claims as set forth in the MSA, the BELO claimant must prove: (1) that he was correctly diagnosed with his alleged physical condition after April 16., 2012, and (2) that his condition was legally caused by his exposure to harmful substances released as a result of the oil spill.[27] "Scientific knowledge of the harmful level of exposure to a chemical, plus knowledge that the plaintiff was exposed to such quantities, are minimal facts necessary to sustain the plaintiffs' burden in a toxic tort case."[28] Thus, In a BELO case, the plaintiff "must rely on expert testimony to prove his medical diagnosis and causation."[29] "'[I]nformation that is critical to proving causation' includes information 'such as knowledge of what chemicals plaintiff was exposed to, the toxicological effect of those chemicals, [and] the degree of his exposure.'"[30] When a plaintiff has no expert testimony to prove his medical diagnosis or causation at trial, the plaintiff's suit may be dismissed at the summary judgment stage.[31]

The only summary judgment evidence before the Court relating to Plaintiff's medical diagnosis, or an inference of causation, is a three-page Examination Report from Industrial Medicine Specialists ("IMS"), dated February 28, 2013.[32] Other Sections of this Court have granted summary judgment in BELO cases presenting nearly identical facts. For instance, in *Jarquin v. BP Exploration & Production Inc.* and *Rabalais v. BP*

---

[27] *Banegas v. BP Expl. & Prod., Inc.*, Civil Action No. 17-7429, 2019 WL 424683, at *2 (E.D. La. Feb. 4, 2019) (citing *Piacun v. BP Expl. & Prod., Inc.*, No. 15-2963, 2016 WL 7187946, at *4-5 (E.D. La. Dec. 12, 2016)).
[28] *Seaman v. Seacor Marine LLC*, 326 F. App'x 721, 722 (5th Cir. 2009) (quoting *Allen v. Penn. Eng'g Corp.*, 102 F.3d 194, 199 (5th Cir. 1996)).
[29] *Banegas*, 2019 WL 424683 at *2 (citing *Seaman*, 326 F. App'x at 723 (noting that expert testimony is required to establish causation); *United States v. Crinel*, No. 15-61, 2016 WL 6441249, at *7 (E.D. La. Nov. 1, 2016) ("[A]n opinion regarding a patient's medical diagnoses or prognoses 'falls within the scope of expert testimony under [Federal Rule of Evidence] 702' ") (quoting *Barnes v. BTN, Inc.*, 2013 WL 1194753, at *2 (S.D. Miss. Mar. 22, 2013), aff'd, 555 F. App'x 281 (5th Cir. 2014))); *see also Williams v. BP Expl. & Prod., Inc., et al.*, Civil Action No. 18-9753, 2019 WL 6615504, at *11 (E.D. La. Dec. 5, 2019) (citing *Banegas*, 2019 WL 424683 at *2).
[30] *Williams*, 2019 WL 6615504 at 9 (citing *Banegas*, 2019 WL 424683 at *2).
[31] *Banegas*, 2019 WL 424683 at *3; *Williams*, 2019 WL 6615504 at *11.
[32] R. Doc. 23-3.

*Exploration & Production Inc.*, the plaintiffs did not retain any expert to testify at trial and did not disclose to BP Defendants any experts in compliance with the court's deadline.[33] In both cases, Judge Africk granted BP Defendants' motions for summary judgment because, in each case, the "only evidence" before the Court was a bare bones medical examination form, which Judge Africk held did not constitute "competent summary judgment evidence."[34] Judge Africk explained the plaintiff in each case "failed to present a genuine issue of material fact or present any evidence that would support the fact that [the plaintiff's] injuries were caused by his alleged exposure to oil and dispersants while he worked in response to the spill."[35]

Likewise, in this case, Plaintiff has not retained any expert to testify on his behalf at trial and he did not disclose to Defendants any experts in compliance with the Court's deadline. Further, the IMS report is not competent summary judgment evidence. Moreover, even if Plaintiff belatedly designated his examiner from IMS as an expert, any such testimony would be inadmissible under Federal Rule of Evidence 702. There is no evidence the IMS examiner conducted his examinations with information that is critical to proving causation in this lawsuit, such as knowledge of what chemicals Plaintiff was exposed to, the toxicological effect of those chemicals, or the degree of his exposure. Without this critical information, the IMS examiner's opinions would be "based on speculation and insufficient facts and data" and therefore would be excluded as unreliable.[36]

---

[33] *Jarquin v. BP Expl. & Prod. Inc.*, Civil Action No. 18-9572, 2019 WL 2546928, at *3 (E.D. La. June 20, 2019); *Rabalais v. BP Expl. & Prod. Inc.*, Civil Action No. 18-9718, 2019 WL 2546927, at *3 (E.D. La. June 20, 2019).
[34] *Id.*
[35] *Id.*
[36] *McGill v. BP Expl. & Prod. Inc.*, No. 1:18CV159-LG-RHW, 2019 WL 6053016, at *3 (M.D. Miss. Nov. 15, 2019) *(*citing *Moore v. Ashland Chemical Inc.*, 151 F.3d 269, 278-79 (5th Cir. 1998).

Because Plaintiff has failed to designate any expert to testify at trial, he will not be able to establish his medical diagnoses and causation at trial. As a result, Defendants are entitled to summary judgment in their favor on all claims.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendants' Motion for Summary Judgment[37] is **GRANTED**. Judgment will be entered in favor of Defendants, BP Exploration & Production Inc. and BP America Production Company, and against Plaintiff Guillermo Escobar.

**New Orleans, Louisiana, this 17th day of December, 2019.**

*[Signature: Susie Morgan]*

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[37] R. Doc. 23.